

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00192-CR

———————————————————

RONDAL DURAY JOHNSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1276234W

Before Pittman, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Rondal Duray Johnson attempts to appeal his March 2012 conviction for aggravated robbery and related twenty-five-year sentence. Because we have no jurisdiction, we dismiss this appeal.

Pursuant to a plea bargain, Appellant pled guilty to aggravated robbery, a first-degree felony, and true to a sentence-enhancement allegation in exchange for a twenty-five-year sentence. *See* Tex. Penal Code Ann. §§ 12.42(c), 29.03(a)(2), (b). On March 30, 2012, the trial court convicted and sentenced him in accordance with the bargain. Appellant did not file a motion for new trial. His notice of appeal was therefore due by April 30, 2012, but he did not file it until May 16, 2019. *See* Tex. R. App. P. 26.2(a) (providing that a notice of appeal must be filed within thirty days of sentencing absent a timely motion for new trial). Thus, Appellant's notice of appeal was filed more than seven years too late. *See id.*; *Taylor v. State*, No. 02-19-00059-CR, 2019 WL 1574984, at *1 (Tex. App.—Fort Worth Apr. 11, 2019, no pet.) (per curiam) (mem. op., not designated for publication).

We informed Appellant by letter of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely filed. *See* Tex. R. App. P. 26.2(a). We stated that the appeal would be subject to dismissal absent a response showing grounds for continuing it. Appellant responded to our letter, but his response does not allege grounds giving us jurisdiction over an out-of-time appeal.

2

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction over an appeal. *See* Tex. R. App. P. 26.2. The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant filed his pro se notice of appeal too late, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Taylor*, 2019 WL 1574984, at *1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 25, 2019